| | |
|---|---|
| ROLAND THOMAS KOCH, | ) Case No.: 1:18-cv-01693-DAD-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S MOTION<br>) FOR AN EXTENSION OF TIME TO FILE |
| BRANDON PRICE, et.al., | ) OBJECTIONS, AND DENYING PLAINTIFF'S<br>) MOTION FOR APPOINTMENT OF COUNSEL |
| Defendants. | ) [ECF No. 14] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Roland Thomas Price is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion or an extension of time to file objections and request for appointment of counsel, filed April 12, 2019.

On the basis of good cause, the Court will grant Plaintiff's second request to extend the time to file objections to the pending Findings and Recommendations. However, Plaintiff's request for appointment of counsel must be denied.

///

///

///

///

1 | Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court has recommended that the action be dismissed because Plaintiff has failed to state a cognizable claim for relief. Accordingly, the Court does not find the required exceptional circumstances and Plaintiff has not and cannot show a likelihood of success on the merits. In addition, the identity of any Doe Defendant is not relevant, as Plaintiff has not stated a cognizable claim for relief, despite being given the legal standards and leave to amend. Accordingly, Plaintiff's motion for appointment of counsel will be DENIED.

///
///
///
///
///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is granted twenty-one (21) days from the date of service of this order to file objections; and

2. Plaintiff's motion for appointment of counsel is denied.

IT IS SO ORDERED.

Dated: **April 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE